UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SERGIO CEPEDA,<br>    a/k/a "David Medina,"<br><br>                    *Defendant.* | [Proposed]<br>**Protective Order**<br><br>**22 Cr. 365 (LGS)** |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy and confidentiality of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and/or (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "Sensitive Disclosure Material," may contain information that may raise a

heightened risk to the privacy and confidentiality of individuals, including to victims and their families, or to an ongoing investigation of uncharged individuals.  Materials to be produced by the Government and which contain Sensitive Disclosure Material will be designated as "Sensitive Disclosure Material" by the Government and conspicuously marked as such, either by marking the materials themselves; the file names of the materials; or the folders containing the materials, with the words "Sensitive Disclosure Material."  The Government's designation of material as Sensitive Disclosure Material will be controlling absent contrary order of the Court.  In the event of any dispute as to the Government's designation of particular Disclosure Material as "Sensitive Disclosure Material," the parties shall meet and confer regarding such dispute, without prejudice to a subsequent application by defense counsel seeking de-designation of such material by the Court.

      3. **Attorney's Eyes Only Material.** Certain discovery materials in this case may contain information that raises a particular risk of impeding the Government's ongoing investigation of uncharged individuals because it allows for identification of those uncharged individuals, or of improperly affecting the privacy and confidentiality of individuals.  Discovery materials produced by the Government to the defendant or his counsel that include a Bates or other label stating "AEO," shall be deemed "AEO Material."  The Government's designation of material as AEO Material will be controlling absent contrary order of the Court.  In the event of any dispute as to the Government's designation of particular Disclosure Material as AEO Material the parties shall meet and confer regarding such dispute, without prejudice to a subsequent application by defense counsel seeking de-designation of such material by the Court.

4. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for substantial redaction. It will also afford the defense prompt access to those materials, in substantially unredacted form, which will facilitate the preparation of the defense.

5. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly, it is hereby Ordered:**

6. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material or Sensitive Disclosure Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.[1]

7. Disclosure material that is not Sensitive Disclosure Material may be disclosed by counsel to: (a) the defendant for purposes of defending this action, (b) personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; or (c) prospective witnesses for purposes of defending this action.

---

[1] This does not prohibit counsel for the defendant from using secure private web services, such as "Drop Box," to store disclosure material or Sensitive Disclosure Material, provided that the only people with access to such services are those authorized herein to receive disclosure material or Sensitive Disclosure Material, or to transfer such material to such authorized recipients.

8. Sensitive Disclosure Material may be disclosed by counsel to the defendant and to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; however, Sensitive Disclosure Material shall be kept in the sole possession of counsel or personnel for whose conduct counsel is responsible; shall not be reviewed or maintained by the defendant outside the presence of counsel or personnel for whose conduct counsel is responsible (except when the defendant is reviewing Sensitive Disclosure Material at counsel's office); and shall not be copied or otherwise recorded by the defendant.

9. AEO Material is subject to the same restrictions set forth above in Paragraph 8 for Sensitive Disclosure Material, except that AEO Material shall not be disclosed to or possessed by the defendant.

10. The Government may authorize, in writing, disclosure of disclosure material, Sensitive Disclosure Material, and AEO Material beyond that otherwise permitted by this Order without further Order of this Court.

11. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. Sensitive Disclosure Material and AEO Material pertinent to any motion before the Court should, however, initially be filed under seal, absent consent of the Government or Order of the Court.  All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

12. If any dispute should arise between the parties to this action as to whether any disclosure material is properly designated as Sensitive Disclosure Material or AEO Material

4

subject to the provisions of this Order, the parties shall seek resolution of such dispute by the Court. Until the Court has decided the issue, the Government's designation shall apply.

### Disclosure and Protection of Seized ESI

13. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, including from certain cellphones.

14. This Order places no restriction on the defendant's use or disclosure, or the use or disclosure by defense counsel, of ESI that originally belonged to the defendant.

### Return or Destruction of Material

15. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

**Retention of Jurisdiction**

16. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

by: _____                Date: September 30, 2022
Sarah L. Kushner
Assistant United States Attorney

_____                    Date: September 30, 2022
Neil Kelly, Esq.
Counsel for Sergio Cepeda

The Clerk of the Court is directed to terminate the letter motion at docket number 18.

SO ORDERED:

Dated: New York, New York
January 13, 2023

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

6